IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PATRICIA BASKETTE Individually and as REPRESENTATIVE OF THE ESTATE OF WILLIAM LEONARD BASKETTE, JR., DECEASED, *Plaintiff*, <br><br> v. <br><br> STATE BAR OF TEXAS INSURANCE TRUST, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, FROST BANK AND BUSINESS PLANNING CONCEPTS, INC. d/b/a MEMBERBENEFITS, *Defendant*. | NO: SA:18-CV-01150-OLG |

## PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Patricia Baskette, Individually and as Representative of the Estate of William Leonard Baskette, Jr., deceased, hereafter referred to as Plaintiff, complaining of State Bar of Texas Insurance Trust ("State Bar"), The Prudential Insurance Company of America ("Prudential"), Frost Bank, and Business Planning Concepts, Inc. d/b/a MemberBenefits ("MemberBenefits") hereafter referred to as Defendants, and makes and files this her First Amended Original Complaint, and for cause of action would respectfully show the Court the following:

I

1.1     Subject matter jurisdiction is based on 28 U.S.C. §1332(a)(1), diversity of citizenship. Under 28 U.S.C. §1332(a)(1), the parties must be citizens of different states and the amount in controversy be in excess of $75,000, exclusive of costs, interest, and attorneys' fees.[1]

1.2     If this Court had proper subject matter jurisdiction, venue would be proper in this Court because Defendant Frost Bank has its principal place of business in San Antonio, Texas and all or a substantial part of the events and omissions giving rise to Plaintiff's claim occurred in Bexar County.

II

2.1     Plaintiff is an individual who resides in San Antonio, Bexar County, Texas. Plaintiff is the surviving wife of William Leonard Baskette, Jr. and the legal representative of the Estate of William Leonard Baskette, Jr.

2.2     Defendant, State Bar of Texas Insurance Trust, is a domestic corporation organized and existing under the laws of the State of Texas, with its principal place of business being in Austin, Travis County, Texas. Said Defendant has been served and answered.

2.3     Defendant, The Prudential Insurance Company of America, is a foreign corporation organized and existing under the laws of the State of New Jersey. Said Defendant has been served and answered.

2.4     Defendant, Frost Bank, is a domestic corporation organized and existing under the laws of the State of Texas, with its principal place of business being in San Antonio, Bexar County, Texas. Said Defendant may be served by serving its registered agent for service of process, with

---

[1] State Bar and Frost Bank are non-diverse parties in this action; and therefore, the Court does not have the requisite subject matter jurisdiction. Plaintiff files this First Amended Original Complaint without waiving her right to seek remand based on lack of the Court's subject matter jurisdiction.

such agent being Stanley E. McCormick, Jr., 100 West Houston Street, San Antonio, Texas 78205.

2.5    Defendant, MemberBenefits, is a foreign corporation organized and existing under the laws of the State of Florida. Said Defendant may be served by serving its registered agent for service of process, with such agent being InCorp Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas 78701.

### III

3.1    The insurance policy issued by Defendant Prudential, as indicated in Exhibit "A", attached hereto, was at all times relevant and material to this action in full force and effect. All conditions precedent to the issuance of said policy and of Plaintiff's claims for relief under said policy have been performed or have occurred.

3.2    Upon information and belief, at and before the death of William Leonard Baskette, Jr., all amounts due from the insured for the purchase of the policy had been paid and accepted by the Defendant insurer or, in the event the Defendant insurers claim that such amounts had not been paid, then in that event, that all such amounts claimed to have been due in order to keep such life insurance policy in force through the life of William Leonard Baskette, Jr. should have been paid by the Defendant, Frost Bank in accordance with a contract of overdraft protection entered between Frost Bank and Mr. Baskette. The funds used and intended to be used to pay for the premiums were the community property of the Plaintiff and her husband, William Leonard Baskette, Jr.

### IV

4.1    Defendants, State Bar and Prudential, issued a life insurance policy in December 2008 on the life of the Plaintiff's husband William Leonard Baskette, Jr.

4.2  William Leonard Baskette, Jr. passed away on September 19, 2016. Around that time, Plaintiff, Patricia Baskette, was told by an agent of Defendants that the policy had lapsed for non-payment of premiums.

V

5.1  Plaintiff will show that at all times relevant herein, Mr. Baskette had a legal and enforceable insurance contract and that the Defendant insurers wrongfully denied the claim made by Plaintiff under the policy thereby entitling Plaintiff to the damages sued for herein.

5.2  In the alternative, Plaintiff will show that State Bar was responsible for providing proper and sufficient instructions to Frost Bank in order for the bank to fulfill its duty to Mr. Baskette to provide payment to the insurers, under an overdraft contract between Mr. Baskette and Frost Bank, in order that the premiums of the policy be timely paid and that the life insurance policy on the life of Mr. Baskette, of which the Plaintiff was the sole beneficiary, not lapse for failure to pay the premiums. Plaintiff will show that the Defendant State Bar failed to honor its obligation under its contract with Mr. Baskette and was also negligent in failing to provide the proper instructions to Frost Bank in order to see that the premiums were timely paid and the policy not lapse. This failure by the Defendant State Bar has caused the Plaintiff to be denied the life insurance benefit to which she is entitled.

5.3  Additionally, Plaintiff will show that MemberBenefits also failed to honor its obligation to Mr. Baskette. In 2014, MemberBenefits assumed the administrative functions necessary and incidental to the success of the insurance programs offered by State Bar. Under this commitment, MemberBenefits agreed to take over all existing business of the State Bar. Therefore, MemberBenefits is liable to Plaintiff for breach of their duties to Plaintiff, who is alleged to be a third-party beneficiary of the contract between State Bar and MemberBenefits.

Additionally, MemberBenefits was negligent in failing to provide the proper instructions to Frost Bank to see that the premiums were timely paid and the policy not lapse. This failure by Defendant MemberBenefits has caused the Plaintiff to be denied the life insurance benefit to which she is entitled under Mr. Baskette's policy.

5.4 In the alternative, Plaintiff will show that Frost Bank breached its contract with Mr. Baskette and was also negligent in failing to ensure that the life insurance premiums were timely paid in accordance with the overdraft protection contract entered between the bank and Mr. Baskette and in accordance with the instructions given by Mr. Baskette to the bank. In failing to properly pay Mr. Baskette's life insurance premiums, Frost Bank breached its contract with Mr. Baskette and was negligent in failing to pay the premiums which would keep the life insurance policy in full force and effect through the life of Mr. Baskette.

## VI

6.1 Plaintiff will show that the acts of the Defendants have caused her damages represented by the policy limits in the amount of $100,000.00, attorney's fees, statutory penalties permitted by law, and prejudgment interest at the maximum legal rate.

## VII

7.1 Plaintiff demands a trial by jury.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that she have judgment against Defendants as requested herein and for such other and further relief to which she may be entitled whether at law or in equity.

Respectfully submitted,

ALLEN, STEIN & DURBIN, P.C.
6243 IH-10 West, 7th Floor
P. O. Box 101507
San Antonio, Texas 78201
Telephone: 210.734.7488
Facsimile: 210.738.8036

By: _____
ROBERT A. ALLEN
State Bar No.: 01051000
Federal Bar No.: 13390
rallen@asdh.com

JOHN B. GRISSOM
State Bar No.: 24092457
Federal Bar No.: 3229192
jgrissom@asdh.com

ATTORNEYS FOR PLAINTIFF PATRICIA BASKETTE, INDIVIDUALLY AND IN HER REPRESENTATIVE CAPACITIES